No. 19,532.

S. L. BROWN et al., as Heirs, etc., *Appellants*, v. S. M. BROWN et al., as Heirs, etc., *Appellees*.

### SYLLABUS BY THE COURT.

1. DEED—*Cancellation—Evidence*. The evidence in an action for the cancellation of a deed held to support a judgment for the defendants.

2. SAME — *Evidence — Communications with Persons Since Deceased*. Testimony which is within the letter of the statute forbidding a witness to testify to communications had with a person since deceased, under whom he claims, is not rendered admissible by the fact that it is offered for the purpose of showing the state of the mind of the decedent, upon an issue of mental capacity.

3. SAME—*Opinion as to Mental Capacity of Grantor—When Inadmissible*. The rule that a witness may not give a mere abstract statement that in his opinion a person was or was not capable of making a particular contract applies to nonprofessional testimony based upon personal association, as well as to that of medical experts, in reply to hypothetical questions.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed November 6, 1915. Affirmed.

*A. C. Wilson, J. B. Wilson*, and *B. V. Pardee*, all of Lawrence, for the appellants.

*Edwin D. McKeever*, of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: The widow and some of the other heirs of the grantor brought an action against the grantee to set aside a deed that had been made by George W. Brown and his wife to his son, W. O. Brown, on the ground of want of mental capacity, fraud and undue influence. A judgment was rendered for the defendants and the plaintiffs appeal.

The deed was made on January 9, 1912. George W. Brown was then over ninety years of age. He died on the 19th of the following May. The evidence of some of the witnesses strongly supported the view that at the time of the execution of the deed he was incompetent to transact business of that character, while others testified directly to the contrary. The evidence was largely oral, and the decision of the trial court must control. The plaintiffs insist that W. O. Brown had been acting as the business agent of his father, and sustained toward him such a confidential and fiduciary relation as to cast upon him the burden of proving that the transaction was fairly conducted and that the deed was given upon a just and adequate consideration. Evidence was given tending to establish such an agency and relationship, but we are not advised of the credence or weight given it by the trial court, as no special findings were made or asked for. We think, however, there was sufficient evidence to support a finding, which the court must be deemed to have made, that the grantors were fairly dealt with, and acted upon a full understanding of the situation. In *Hill v. Miller*, 50 Kan. 659, 32 Pac. 354, an instruction was approved to the effect that to sustain the deed there involved the grantee was required to show affirmatively, "so far as practicable," among other things, that he gave a just and adequate consideration. If the present circumstances are sufficiently similar to impose the same rule, no error is shown, for the evidence warranted a reasonable inference of a valuable and adequate as well as a sufficient consideration. A witness testified that a similar deed had been prepared shortly before that under consideration, and at that time the grantors stated in effect that it was no more than right that they should deed the property to the grantee, because he had

looked after them for quite a while, and they expected him to do so as long as they lived.

A contention is made that no delivery of the deed was shown. The notary public before whom it was acknowledged testified that he took it after its execution, for the purpose of affixing his seal at his office; that his impression and best recollection was that he asked the grantors what he should do with it, and they told him he was to give it to the grantee, which he did. He was not very positive in his statement, but its effect was for the determination of the trial court. (1 Wigmore on Evidence, §§ 726-728.)

Objections are made to the admission and rejection of evidence. There was sufficient competent evidence to sustain the judgment, and as no jury was used it is not necessary to determine whether any was admitted that was incompetent. The widow of George W. Brown was asked what his desire and intentions had been concerning the disposition of his property after his death. She answered: "Nothing, only he wanted to sell a house and so many lots—was to be sold—1811—answer it after a while. He wanted it sold and put the money in the bank for our support." The question was objected to on various grounds, and on motion the answer was stricken out. The plaintiffs complain of the ruling. The testimony was in the nature of a conclusion, which might have been based on conversations that would not have been competent. But in any event it was obviously not of vital importance. An objection was sustained to a question asked of this witness concerning her husband's mental condition, but she was afterwards permitted to testify fully on this point, so that no prejudice could have resulted. One of the plaintiffs—a daughter of George W. Brown—was called as a witness and asked what observations she had made of her father's condition. In reply she undertook to tell what he had said. This was excluded, obviously on the ground that it transgressed the rule concerning communications with persons since deceased. (Civ. Code, § 320.) The plaintiffs contend that a witness may narrate what was told to him by a person since deceased, under whom he claims, if the purpose of the testimony is to show the state of the speaker's mind. Such testimony was in one instance held admissible, but the ruling was rescinded on an

Brown v. Brown.

application for a rehearing (*Bannon v. Patrick Bannon Sewer Pipe Co.*, 136 Ky. 556, 575, 119 S. W. 1170, 124 S. W. 843.) Some courts exclude the opinion of such a witness as to mental capacity, where it is founded upon communications concerning which he would not be permitted to testify. (40 Cyc. 2323.) The language of the statute is explicit, and does not admit of an exception based upon the purpose for which the communication is offered.

A witness was asked his opinion as to the ability of George W. Brown to dispose of real property, to make contracts on a large scale, and to dispose of all his property, on the day the deed was made. An objection to the question was sustained. It appears to fall within the rule that testimony may not be given broadly that a person was or was not capable of making a deed, because that involves the opinion of the witness as to what condition of mind is necessary for that purpose. (*Coblentz v. Putifer*, 87 Kan. 719, 725, 125 Pac. 30.) In the case cited the evidence held to be incompetent was given by medical experts, in answer to hypothetical questions. The plaintiffs contend that this rule should not be applied to non-expert witnesses, testifying from personal acquaintance, but no good reason is apparent for a distinction in that regard. The precise form in which evidence is offered is not always important. So far as concerns the material matters sought to be elicited by the question ruled out, they were fully covered by the testimony of the witness. Other complaints of rulings rejecting evidence are not thought of enough importance to require discussion. Moreover, as in the case of the two matters last discussed, the questions argued are not really in issue, since the rejected evidence was not presented at the hearing of the motion for a new trial, as required by the statute (Civ. Code, § 307), and therefore the plaintiffs have not shown that they were prejudiced by the rulings.

The judgment is affirmed.