No. 33,665

Joseph Steiner, *Appellant,* v. Bertha Horejsi et al., *Appellees.*

(75 P. 2d 219)

Opinion filed January 29, 1938.

*F. C. Norton* and *John H. Wilson,* both of Salina, for the appellant.

*Paul L. Aylward* and *V. E. Danner,* both of Ellsworth, for the appellees.

The opinion of the court was delivered by

Wedell, J.: This was an action to cancel a deed and to quiet title. Cancellation was sought on the ground the deed was procured by reason of the mental incapacity of the grantor and the undue influence, coercion and fraud of the grantee and her husband. Defendants prevailed, and plaintiff appeals.

Franciska Horejsi, deceased, was the grantor. The defendant, Bertha Horejsi, a daughter of the deceased, was the grantee. The defendant H. A. Horejsi is the husband of the grantee. The defendant John Steiner is the executor of the estate of the deceased, and the defendant D. H. Kottman is a holder of a mortgage executed by the grantee. In order to relieve the mind of the reader it may be well

to state at the outset that, in view of the restricted issues on appeal, the relation of the parties is of little, if any, consequence except as a matter of general interest in the circumstances.

The jury by its special answers resolved all questions of mental incapacity of the grantor and all questions of undue influence, fraud or coercion in favor of the defendant grantee. Those findings the trial court adopted, and there is competent substantial evidence to support the same.

The appellant complains concerning undue restriction in the examination of certain of his witnesses, and also as to alleged improper exclusion of certain evidence which was stricken out and which the jury was admonished not to consider. We have reviewed the record as to each of these complaints. It is unnecessary to detail the evidence and attendant circumstances. While there might be a little occasion for argument as to a few of the rulings, in the main the rulings were proper. No showing, however, was made as required by law on motion for a new trial as to what certain of the testimony would have shown, had it been admitted (G. S. 1935, 60-3004), nor was it otherwise made a part of the record, and of course, such rulings are not reviewable. (*Elliott v. Oil Co.*, 106 Kan. 248, 251, 187 Pac. 692; *State v. Ball*, 110 Kan. 428, 432, 204 Pac. 701; *State, ex rel., v. Wright*, 140 Kan. 679, 683, 58 P. 2d 125.)

Complaint is made on the ground the following nonprofessional testimony was stricken:

"Q. Was she capable of understanding the nature of a contract or deed of conveyance? A. I don't think so.

"Mr. Danner: Well, we object to this as leading and suggestive.

"The Court: The last part of that is sustained, as to deed or conveyance. The jury will disregard that part of the question and answer."

In *Coblentz v. Putifer*, 87 Kan. 719, 125 Pac. 30, it was held:

"While medical experts may properly answer whether in their opinion from the conditions shown by a proper hypothetical question a person was of unsound mind, it is not competent for them to give an opinion as to whether such person had sufficient mental capacity to make a deed in controversy. Capacity to make a deed is a mixed question of law and fact for the jury to determine on proper evidence and instructions, and not for witnesses to decide." (Syl. ¶ 1.)

In *Brown v. Brown*, 96 Kan. 510, 152 Pac. 646, it was held:

"The rule that a witness may not give a mere abstract statement that in his opinion a person was or was not capable of making a particular contract applies to nonprofessional testimony based upon personal association, as well as to that of medical experts, in reply to hypothetical questions." (Syl. ¶ 3.)

Appellant urges there is a distinction between the question propounded in the instant case and those contained in the cited cases. He insists the question in the Coblentz case was whether the party was *"capable"* of making a contract, and in the Brown case whether the party was *"capable"* of making the deed in controversy, while in the instant case the question was whether the grantor was "capable of understanding the nature of a contract or deed of conveyance."

We fail to see a substantial distinction, in principle, between the opinion attempted to be elicited in the instant case and those attempted to be obtained in the cases cited. In the Coblentz case the question was whether the deceased had "sufficient mental capacity to make a deed in controversy," and in the Brown case the question was whether the person was "capable of making a particular contract." Here the question is whether the deceased "was capable of understanding the nature of a contract or deed of conveyance." Appellant also contends the objection was not made on the ground the question called for a conclusion, but only because it was leading and suggestive. One difficulty with the entire complaint is that appellant's substantial rights are in no wise shown to have been prejudiced by the ruling. Under such circumstances this court cannot reverse the judgment. (G. S. 1935, 60-3317.) See *Funk v. Fish,* 122 Kan. 294, 301, 252 Pac. 256, where certain testimony was excluded and testimony of similar import was admitted. In the instant case the witness had just previously been permitted to testify concerning the deceased as follows:

"She didn't reply when my wife talked to her, and in my opinion she was feebleminded and not capable of transacting ordinary business."

That testimony was competent (*Funk v. Fish,* supra), and appellant had the full benefit of it. Assuming the proper reason was not stated in the objection to the other testimony, it still follows no prejudice is shown to have resulted from the ruling thereon.

Appellant directs our attention to the handwriting of the deceased contained on various documents and refers to what was said on the subject of manifest peculiarity in the handwriting of the deceased in the case of *Gibbons v. Redmond,* 142 Kan. 417, 49 P. 2d 1035. What was there said cannot properly be construed as constituting an independent finding of this court that the handwriting disclosed the testator was of unsound mind. It was intended to show there was ample evidence to support the deductions made by the witness who testified as a handwriting expert and other witnesses whose testi-

mony pertained to the mental condition of the testator. The trial court had there found the testator was of unsound mind, and the questions before this court were the competency of the testimony of a handwriting expert concerning those peculiarities, and whether there was substantial evidence to support the finding the testator was of unsound mind. Here the finding was the grantor had sufficient mental capacity to make the deed and that she was capable of understanding the nature and effect of the several instruments she had signed. The question of peculiarity of handwriting was one of the proper subjects for consideration in arriving at the finding of competency. The finding is supported by competent substantial evidence and hence we cannot disturb it.

It is also suggested the conduct of the trial court in restricting part of the examination resulted in discrediting a witness. In view of the entire record, we think the statement is too strong. A trial court must of necessity be vested with considerable discretion in such matters, and unless the discretion is abused we obviously cannot disturb the judgment. Moreover, what was previously said concerning failure to produce such testimony on motion for new trial applies here with equal force. In the absence of such excluded testimony in the record, we cannot say the exclusion thereof discredited or tended to discredit the witness. Were the evidence before us we might think the admission of it would have tended to discredit the witness. In view of what has been said, it follows the judgment must be affirmed. It is so ordered.